UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO ALTOMONTE and SANDRA
ALTOMONTE,

    Plaintiffs,

v.

Case No. 11-12878

Honorable Patrick J. Duggan

WELLS FARGO BANK, N.A. and
FEDERAL HOME LOAN MORTGAGE
CORPORATION, a/k/a FREDDIE MAC,
jointly and severally,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 5, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On June 6, 2011, Angelo and Sandra Altomonte ("Plaintiffs") filed this action in Washtenaw County Circuit Court to quiet title to certain real property located in Chelsea, Michigan and recover damages for alleged violations of state law in connection with the foreclosure sale of that property. Before the Court is a motion to dismiss filed by Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac") on July 5, 2011. The matter has been fully briefed, and the Court heard oral argument on September 29, 2011. For the reasons stated below, the Court grants Defendants' motion.

## I. Factual and Procedural Background

On April 25, 2007, Plaintiffs obtained a mortgage loan of $350,000 from Wells Fargo. As security for repayment, Plaintiffs granted the lender a mortgage on property located at 17240 Carolina Trace, in Chelsea, Michigan. This mortgage was recorded on May 2, 2007. Plaintiffs eventually defaulted on the loan payments and inquired about a possible loan modification. Wells Fargo began negotiating a modification with Plaintiffs, but the parties apparently did not reach an agreement.

Wells Fargo began proceedings to foreclose by advertisement, and the property was sold at a sheriff's sale on February 11, 2010. Michigan statute allowed Plaintiffs a one-year period within which they could redeem the property, *see* Michigan Compiled Laws § 600.3240(12), but they failed to do so. The property was eventually sold to Freddie Mac, and on March 4, 2011, Freddie Mac instituted eviction proceedings against Plaintiffs in the local district court. The parties entered into a consent judgment on March 23, 2011, establishing that Freddie Mac had the right to possession of the property. Plaintiffs subsequently moved out of the property.

On June 6, 2011, Plaintiffs filed this action in Washtenaw County Circuit Court, asserting the following claims: "Quiet Title" (Count I); "Unjust Enrichment" (Count II); "Innocent / Negligent Misrepresentation" (Count III); "Fraud" (Count IV); "Constructive Trust" (Count V); "Breach of MCL 600.3205(C)" (Count VI); and "Deceptive Act and/or an Unfair Practice" (Count VII). Defendants removed the suit to this Court on July 1, 2011, and subsequently filed their motion to dismiss.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

At the hearing on this motion, Plaintiffs' counsel agreed to dismiss the following claims: "Quiet Title" (Count I); "Unjust Enrichment" (Count II); "Constructive Trust" (Count V); "Breach of MCL 600.3205(C)" (Count VI); and "Deceptive Act and/or an Unfair Practice" (Count VII). The Court accordingly grants Defendants' motion with respect to these counts.

Defendants argue that the claims of negligent misrepresentation (Count III) and fraud (Count IV) must be dismissed because Plaintiffs may not maintain an action in tort where the parties' relationship is governed by a contract. "Michigan law 'is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract.'" *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1134 (6th Cir. 1995) (quoting *Brock v. Consol. Biomedical Lab.*, 817 F.2d 24, 25 (6th Cir. 1987)). Plaintiffs assert that the obligation to modify their loan constitutes such a duty, *see* Pls.' Resp. Br. 8, but the Court cannot agree. While Michigan law may have required Defendants to offer Plaintiffs the opportunity to negotiate a loan modification, it imposed no obligation to actually modify the loan. Absent a separate and distinct duty, Plaintiffs' tort claims fail.

To the extent that Plaintiffs base their misrepresentation and fraud claims upon an alleged promise to modify the loan, these claims are barred by the statute of frauds, which

4

provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Michigan Compiled Laws § 566.132(2).  This statute unambiguously bars a claim against a financial institution to enforce a promise to modify a loan unless the promise is in writing and signed by the institution.  "This bar extends to misrepresentation claims." *Tamlin v. Citi Mortg. Servicing*, No. 11-10889, 2011 U.S. Dist. LEXIS 70048, at *9 (E.D. Mich. June 29, 2011).  Because Plaintiffs have not presented a written, signed promise to modify their loan, the fraud claim fails as a matter of law.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.

                                                      s/PATRICK J. DUGGAN
                                                      UNITED STATES DISTRICT JUDGE

Copies to:

James D. Wines, Esq.

Marc P. Jerabek, Esq.
Matthew J. Boettcher, Esq.